a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROGER HEARD ALEXANDER, Plaintiff | CIVIL ACTION NO. 1:18-CV-620-P |
| VERSUS | JUDGE DEE D. DRELL |
| RAPIDES PARISH SHERIFFS DEPARTMENT, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Roger Heard Alexander[1] ("Alexander") (#76530). Alexander is a pretrial detainee at the Rapides Parish Detention Center in Alexandria, Louisiana. Alexander alleges that his constitutional rights were violated when he was wrongfully arrested and charged with various crimes.

Because Alexander's complaint is time-barred, it should be denied and dismissed with prejudice.

I.   Background

Alexander alleges that his vehicle was "ambushed" by Defendant Jason Welch and other metro narcotics agents. (Doc. 1, p. 4). Alexander claims the officers robbed him of $40,000 in cash and $10,000 worth of jewelry. (Doc. 1, p. 4). Alexander was arrested and charged with possession of drugs and criminal conspiracy. (Doc. 1, p. 4). Alexander alleges that, in an attempt to frame him, Defendants Welch and Jerrica

---

[1] Plaintiff lists his name as Roger Heard-Alexander. The Department of Corrections and Rapides Parish Sheriff's Office list his name as Roger Alexander Heard.

Beebe of the North Louisiana Criminalistics Laboratory forged and falsified documents to indicate that Alexander was in possession of drugs. (Doc. 1, p. 4). Alexander alleges that Deputy Cloessner falsely claimed that he pulled Alexander over for a traffic violation, and his K-9 alerted to drugs in the vehicle. (Doc. 1, p. 4).

Alexander seeks compensation for each day he was falsely imprisoned. He also seeks the return or reimbursement of $40,000 plus $10,000 worth of jewelry. (Doc. 1, p. 5).

## II. Law and Analysis

### A. Alexander's complaint is subject to screening under §§ 1915(e)(2)(b) and 1915A.

Alexander is a prisoner who has been permitted to proceed *in forma pauperis*. (Doc. 11). As a prisoner seeking redress from an officer or employee of a governmental entity, Alexander's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Alexander's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to

plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### B. Alexander's claim is time-barred.

For a § 1983 action, a court looks to the forum state's personal injury limitations period. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994). In Louisiana, that period is one year. See La. Civ. Code art. 3492; Elzy v. Roberson, 868 F.2d 793, 794 (5th Cir. 1989). On the other hand, federal law determines when a § 1983 claim accrues. See Moore, 30 F.3d at 620. A claim arises "when the plaintiff knows or has reason to know of the injury which is the basis of the action." Gomez v. Police Jurors of Jefferson Par., 51 F.3d 1045 (5th Cir. 1995) (citing Moore, 30 F.3d at 620-21). A claim for false arrest and imprisonment accrues on the date of the arrest and imprisonment. Id.

Therefore, Alexander's cause of action accrued at the time of his arrest on March 9, 2017. Alexander had one year within which to file a § 1983 claim based on false arrest and imprisonment. Alexander did not file his complaint until May 7, 2018. Even if Alexander deposited his complaint into the prison mailing system on the date it was signed, April 25, 2018, entitling Alexander to the benefit of the "mailbox rule," the complaint is still untimely. See Medley v. Thaler, 660 F.3d 833, 835 (5th Cir. 2011) (pro se prisoners' filings are deemed filed as soon as the pleadings have been deposited into the prison mail system).

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Alexander's § 1983 complaint be DENIED and DISMISSED WITH PREJUDICE under §§ 1915(e)(2)(b) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __6th__ day of July, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge